# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:   Joshua Mack Dewitt, Debtor                    Case No. 25-00167-JAW
                                                        CHAPTER 13

## **NOTICE**

    The undersigned counsel for Debtor have filed papers with the court to approve attorney's compensation.

    **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

    If you do not want the court to grant the Application, or if you want the court to consider your views on the Application, then on or before 21 days, you or your attorney must:

File with the court a written request for a hearing at:

U.S. Bankruptcy Clerk
U.S. Bankruptcy Court
Thad Cochran United States Courthouse
501 E. Court St., Ste 2.300
Jackson, MS 39201

    If you mail your request to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

    You must also mail a copy to the Debtor's attorney:

The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
(601) 500-5533

    If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Application and may enter an order granting that relief, which shall sustain this Application for Compensation.

Date: May 27, 2025        Signature:        /s/ Thomas C. Rollins, Jr.
                                             Thomas C. Rollins, Jr. (MSBN 103469)
                                             Jennifer A Curry Calvillo (MSBN 104367)
                                             The Rollins Law Firm, PLLC
                                             PO Box 13767
                                             Jackson, MS 39236
                                             601-500-5533
                                             trollins@therollinsfirm.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:   Joshua Mack Dewitt, Debtor                     Case No. 25-00167-JAW
                                                        CHAPTER 13

### SECOND APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF NECESSARY EXPENSES FOR THOMAS C. ROLLINS, JR.

COMES NOW, Thomas C. Rollins, Jr., (the "Applicant") attorney for the Debtor, and files this *Second Application for Allowance of Compensation and Reimbursement of Necessary Expenses for Thomas C. Rollins, Jr.* and in support thereof, would respectfully show to this Honorable Court as follows, to-wit:

1. On January 22, 2025, Debtor filed a bankruptcy petition under Chapter 13 of the bankruptcy code.

### FEE AGREEMENT

2. The Debtor and Thomas C. Rollins, Jr. of The Rollins Law Firm, PLLC (hereinafter "the firm"), have agreed to an hourly billing arrangement in lieu of this Court's standard "no look" fee award. Per said agreement, attorney T.C. Rollins is billed at a rate of $360.00 per hour while attorney Jennifer Calvillo is billed at a rate of $360.00 per hour. Paralegals are billed at a rate of $155.00 per hour. Legal Assistants bill at $100.00 per hour. Said rates are reasonable and in keeping with community custom and standards for attorneys in this area.

3. Throughout its representation of the Debtor herein, Applicant has maintained itemized billing entries which are completed and maintained contemporaneously with the associated service(s) provided.

### RETAINER

4. The Debtor herein did not provide a retainer.

### FEES PAID TO DATE

5. The Court previously approved interim compensation in the amount of $2,717.98 (Dk # 22).

6. The trustee has disbursed $1,164.05 on this claim as of May 14, 2025.

### ADDITIONAL FEES REQUESTED

7. The time incurred and services provided by the firm since the filing of the previous fee application have resulted in Attorney's fees in the amount of $1,160.50 and expenses in the amount of $50.10 for a total of $1,210.60. A detailed accounting of which is attached hereto as Exhibit "A".

8. This is the Applicants' second request for allowance of compensation for professional services rendered in this proceeding. This request covers the period from February 11, 2025 to May 14, 2025.

### TOTAL FEES FOR SECOND APPROVAL

9. The time incurred and services provided by the firm during the pendency of this case have resulted in Attorney's fees in the amount of $3,834.00 and expenses in the amount of $94.58 for a total of $3,928.58. A detailed accounting is attached hereto as Exhibit "B".

### A. LODESTAR ANALYSIS

**1. The prevailing hourly rate in the community under § 330**

The Applicant requests fees based on the following hourly rates: $360.00 for attorneys, $155.00 for paralegals, and $100.00 for legal assistants.

The hourly rates for attorneys with similar skills and experience as consumer bankruptcy attorneys can vary widely, typically ranging from $200 to $450 per hour. Due to the specialized nature of bankruptcy law, many attorneys are not proficient in this field. However, with 14 years of experience, approximately 4,000 bankruptcy cases filed, board certification in consumer bankruptcy law, and a strong community reputation, Thomas Rollins is well-qualified to command fees at the higher end of this range. Similarly, Jennifer Calvillo, who has 12 years of experience with the same firm, having worked on 90% of those 4,000 cases, holds board certification in consumer bankruptcy law, is highly regarded in the community, and is a partner in her firm, is equally positioned to charge at the upper end of this spectrum. The Applicants' paraprofessionals charge a blended rate of $127.50 per hour, which is within the reasonable range for paraprofessional services.

**2. Reasonable hours expended**

While Chapter 11 lawyers may only be compensated for reasonable time expended that produce a material benefit to the estate, § 330(a)(B) provides that a chapter 13 debtor's attorney can be awarded reasonable compensation for representing the interests of the debtor, based on the benefit and necessity of such services to the debtor and the other factors found in § 330.

The services provided to the Debtor and the expenses incurred by the Applicant were essential for administering the bankruptcy case, safeguarding the Debtor's rights, and fulfilling the Applicant's obligations under the Bankruptcy Code.

An itemization of time is attached as Exhibit "B" and an affidavit of Applicant is attached as Exhibit "C".

**3. Lodestar calculation**

The lodestar amount for the Applicant's attorneys is $2,268.00, reflecting 7.1 hours at an hourly rate of $319.44.

For the Applicant's paraprofessionals, the lodestar amount is $1,566.00, based on 15.9 hours at a blended rate of $98.49 per hour.

Together, the total lodestar amount is $3,834.00, representing a combined total of 23 hours at a blended rate of $166.70 per hour.

### B. ADJUSTMENTS TO LODESTAR

After determining the appropriate lodestar amount, the Court must decide whether the application of the § 330 factors and the Johnson factors warrant upward or downward adjustment.

1. **§ 330 Factors**

The following § 330 factors were already discussed when determining the lodestar amount:

(A) The time spent on such services;

(B) The rates charged for such services;

(C) Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

The remaining § 330 factors are discussed b**elow:**

(D) Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of a case under this title;

   a. The services provided to the Debtor and the expenses incurred by the Applicant were essential for administering the bankruptcy case, safeguarding the Debtor's rights, and fulfilling the Applicant's obligations under the Bankruptcy Code.
   b. No adjustment is warranted.

(E) Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;

    a. The Applicant did not devote excessive time to drafting schedules, pleadings, or conducting research. A significant amount of time was spent investigating the Debtor's financial situation and gathering the necessary documents for submission to the Trustee. This work was efficiently handled by legal assistants, who billed at $100.00 per hour.
    b. No adjustment is warranted.

(F) With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

    a. Both Thomas Rollins and Jennifer Calvillo are board-certified in consumer bankruptcy law by the American Board of Certification. In Mississippi, only five bankruptcy practitioners hold this certification, with three based in the state. Of these, two are with the Applicant's firm.
    b. The Applicant's extensive experience has already been addressed in the lodestar analysis.
    c. This factor was taken into account when setting the Applicant's hourly rate, but otherwise supports an upward adjustment.

**2.**     **Johnson Factors**

The following *Johnson* factors were already discussed when determining the lodestar amount:

1. The time and labor required.
2. The novelty and difficulty of the questions presented.
3. The skill required to perform the legal services properly.
4. The customary fee in the community.
5. Whether the fee is fixed or contingent.
6. The experience, reputation, and ability of the attorneys.

The remaining *Johnson* factors are discussed b**elow:**

7. The preclusion of other employment by the attorney due to acceptance of the case.
    a. Not Applicable.
    b. No adjustment is warranted.

8. Time limitations imposed by the client or circumstances.

    a. Not Applicable
    b. No adjustment is warranted.

9. The amount involved and the results obtained.

    a. This factor was already discussed in the § 330 analysis (Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of a case under this title;)
    b. No adjustment is warranted.
    c.

10. The undesirability of the case.

    a. While this case is no less desirable that other chapter 13 cases, when compared to the broader legal community chapter 13 cases have many elements that make them very undesirable.
    b. **Client Non-Cooperation**: Debtors in Chapter 13 cases may have difficulty gathering the necessary financial documentation or adhering to the repayment plan, which increases the attorney's workload and the chances of case dismissal.
    c. **Length of the Process**: Chapter 13 cases typically last 5 years, which may lead to diminished client interest and requires attorneys to remain vigilant for potential issues throughout the repayment period. Few practice areas demand such a long-term commitment, where a lawyer must predict an appropriate fee upfront. While some bankruptcy cases are confirmed and proceed smoothly, most require substantial additional work post-confirmation, including handling Motions to Dismiss or Motions for Relief.
    d. **Risk of Dismissal**: If the debtor fails to make payments or meet other requirements of the repayment plan, the case may be dismissed, and the attorney may not be compensated for all of the work completed. Chapter 13 practitioners collect a shockingly low percentage of allowed fees in chapter 13 cases.
    e. This factor weighs in favor of an upward adjustment.

11. The nature and length of the professional relationship with the client.

    a. Applicant had no prior professional relationship with the client prior to their engagement in this matter.
    b. No adjustment is warranted.

12. Awards in similar cases

    a. The "market rate" of $4,000.00 is a distorted figure, as attorneys are pressured to accept it to avoid the burdensome fee application process, rather than reflecting a true market rate.
    b. Under § 330(a)(3)(F), the Court is instructed to compensate bankruptcy attorneys at a rate comparable to that of similarly skilled and experienced **non-bankruptcy attorneys**.
    c. This is only one of the twelve Johnson factors. If the Court determines that a downward adjustment is warranted, this factor should be considered alongside the other § 330 and Johnson factors which favor an upward adjustment of the lodestar.
    d. Market rates have been addressed in the lodestar analysis, and no additional adjustment is necessary.

WHEREFORE, PREMISES CONSIDERED, Applicant requests that this Court enter an Order awarding reasonable attorneys' fees for the professional services rendered herein and authorizing and directing Debtor to pay said attorneys' fees and expenses. Applicants pray for general relief.

Respectfully submitted

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533

CERTIFICATE OF SERVICE

I, Thomas C. Rollins, Jr., certify that an accurate copy of the Application for Compensation was filed on CM/ECF this day and that the Chapter 13 Case Trustee and U.S. Trustee are registered to receive electronic notice in this case. The date of said notice is reflected on the Docket.

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

| IN RE: | CASE NO: 25-00167 |
|---|---|
| JOSHUA MACK DEWITT | **DECLARATION OF MAILING CERTIFICATE OF SERVICE** |
| | Chapter: 13 |

On 5/28/2025, I did cause a copy of the following documents, described below,

Notice and Application for Compensation

Exhibit A

Exhibit B

Exhibit C

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 5/28/2025

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401
601 500 5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:<br><br>JOSHUA MACK DEWITT | CASE NO: 25-00167<br><br>**CERTIFICATE OF SERVICE**<br>**DECLARATION OF MAILING**<br><br>Chapter: 13 |

On 5/28/2025, a copy of the following documents, described below,

Notice and Application for Compensation

Exhibit A

Exhibit B

Exhibit C

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 5/28/2025

_/s/ Miles Wood_

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

```
CASE INFO                                                                          EXCLUDE

 LABEL MATRIX FOR LOCAL NOTICING    ALABAMA CREDIT UNION              US BANKRUPTCY COURT
NCRS ADDRESS DOWNLOAD               WELTMAN  WEINBERG  REIS CO LPA    THAD COCHRAN US COURTHOUSE
CASE 25-00167                       ATTN SCOTT D FINK                 501 E COURT STREET
SOUTHERN DISTRICT OF MISSISSIPPI    5990 WEST CREEK RD STE 200        SUITE 2300
WED MAY 28 9-12-27 PST 2025         INDEPENDENCE   OH 44131-2191      JACKSON  MS 39201 5036


ALABAMA CREDIT UNION                ACIMA                             ALABAMA CREDIT UNION
CO WELTMAN  WEINBERG  REIS CO  LPA  9815 S MONROE ST                  ATTN BANKRUPTCY
5990 WEST CREEK ROAD  SUITE 200     SANDY  UT 84070-4296              220 PAUL W BRYANT DR
INDEPENDENCE   OH 44131-2191                                          TUSCALOOSA  AL 35401-2007


AMANDA DEWITT                       BRANDY LEVENS                     CAPITAL ONE
123 VICKSBURG AVE                   107 DONNA CIR                     ATTN BANKRUPTCY
RICHLAND   MS 39218-9577            RICHLAND   MS 39218-4404          PO BOX 30285
                                                                      SALT LAKE CITY  UT 84130-0285


CONNEXUS CREDIT UNION               DEPARTMENT OF TREASURY  INTERNAL  FINWISE BANK
PO BOX 8026                         REVENUE SE                        CO BECKET AND LEE LLP
WAUSAU  WI 54402-8026               INTERNAL REVENUE SERVICE          PO BOX 3002
                                    PO BOX 7346                       MALVERN PA 19355-0702
                                    PHILADELPHIA   PA 19101-7346


FREEDOM MORTGAGE CORP               INTERNAL REVENUE SERVI            JACKSON RADIOLOGY
ATTN BANKRUPTCY                     CO US ATTORNEY                    PO BOX 3488
907 PLEASANT VALLEY                 501 EAST COURT ST                 05-080
STE 3                               STE 4430                          TUPELO  MS 38803-3488
MT LAUREL  NJ 08054-1210            JACKSON  MS 39201-5025


(P)JEFFERSON CAPITAL SYSTEMS LLC    MERIT HEALTH                      PROFESSIONAL ACCOUNT S
PO BOX 7999                         PO BOX 281441                     PO BOX 188
SAINT CLOUD MN 56302-7999           ATLANTA  GA 30384-1441            BRENTWOOD  TN 37024-0188


SMITH ROUCHON                       (P)SNAP ON CREDIT                 T MOBILETMOBILE USA INC
1456 ELLIS AVE                      950 TECHNOLOGY WAY                BY AIS INFOSOURCE  LP AS AGENT
JACKSON  MS 39204-2204              SUITE 301                         4515 N SANTA FE AVE
                                    LIBERTYVILLE IL 60048-5339        OKLAHOMA CITY  OK 73118-7901


                                    EXCLUDE                           EXCLUDE

US ATTORNEY GENERAL                 UNITED STATES TRUSTEE             HAROLD J BARKLEY JR
US DEPT OF JUSTICE                  501 EAST COURT STREET             PO BOX 4476
950 PENNSYLVANIA AVENW              SUITE 6 430                       JACKSON  MS 39296 4476
WASHINGTON  DC 20530-0001           JACKSON  MS 39201 5022


DEBTOR                              EXCLUDE

JOSHUA MACK DEWITT                  THOMAS CARL ROLLINS JR
107 DONNA CIR                       THE ROLLINS LAW FIRM  PLLC
RICHLAND  MS 39218-4404             PO BOX 13767
                                    JACKSON  MS 39236 3767
```